Appeal, by permission of the Appellate Division of the Supreme Court in the first judicial department, from a determination of the Appellate Term of the Supreme Court in the same judicial department, entered January 5, 1950, which affirmed (1) a judgment of the Municipal Court of the City of Hew York, Borough of Manhattan, in favor of plaintiffs; (2) an order of said court which denied a motion by defendant for summary judgment, and (3) an order of said court which granted a motion by plaintiff for summary judgment.

Per Curiam:

The basic issue herein presented is the same as the issue decided in another appeal decided herewith, Wayne Co. v. American Steel Export Co. {ante, p. 585). For the reasons stated in the opinion of the court in that case, the determination of the Appellate Term herein should be reversed.
Moreover, in this case the taxpayer ceased doing business in the State of Michigan in September, 1948, and thereafter had no personal property there before the tax here in question became a lien or collectible on December 1, 1948, in accordance with the applicable statutes of that State. Here, as in the other case, no judgment has been obtained in the State of Michigan, and plaintiffs must rely solely upon the assessment. A tax assessment is not a judgment for the purpose of suing thereon in a foreign jurisdiction. Plaintiffs may not collect the taxes against their nonresident through the instrumentality of the courts of Hew York without first having the assessment reduced to judgment against the taxpayer in the taxing jurisdiction in compliance with due process.
The determination of the Appellate Term and the judgment of the Municipal Court in favor of plaintiffs against defendant should be reversed, with costs of this appeal, and judgment directed in favor of defendant dismissing the complaint, with costs in all courts.
Peck, P. J., Grlennon, Dore, Van Voorhis and Shientag, JJ., concur.
Determination of the Appellate Term and the judgment of the Municipal Court in favor of the plaintiffs unanimously reversed, with costs of this appeal, and judgment is directed to be entered herein in favor of the defendant dismissing the complaint, with costs in all courts. [See 278 App. Div. 567.]